48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In Re: Harrison A. STEPHENS, Petitioner.
 No. 94-8031.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1994.
Decided March 15, 1995.
 
 Harrison A. Stephens, Petitioner Pro Se.
 PETITION DENIED.
 Before WIDENER and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Pursuant to his multiple drug-related convictions, Harrison Stephens filed motions seeking habeas corpus relief under 28 U.S.C. Sec. 2255 (1988) in the federal district court in Florence, South Carolina, on February 9, 1993. These actions, 93-CV-310, and 93-CV607, were eventually referred to magistrate judge Bristow Marchant. Because the magistrate judge has taken no action in these cases since May, 1993, Stephens requests this Court to issue a writ of mandamus ordering the magistrate judge to rule on his motions.
 
 
 2
 We acknowledge that the length of delay in this case is such that, if the district court judge were directly responsible for it, we would ordinarily require him to respond to Stephens's petition for a writ of mandamus. Stephens, however, requests that the writ be directed in this case to the magistrate judge. We think it inappropriate, however, to grant such relief where the petitioner has not first sought relief from the district court judge under whom the magistrate judge operates. We therefore direct Stephens to seek relief from Chief Judge C. Weston Houck, the district judge to whom his case is assigned. Stephens may again seek mandamus relief in this Court if he is unable to obtain relief in the district court. This procedure best comports with the principle that a petitioner must exhaust all available remedies before receiving mandamus relief. See First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir.1988). Stephens is therefore granted leave to proceed in forma pauperis, but his petition is denied.
 
 PETITION DENIED